# In the United States Court of Federal Claims

No. 22-451

(Filed: August 5, 2022)

```
*************************************
                                    *
CHANEL NOVILLE,                     *
                                    *
                 Plaintiff,         *
                                    *
       v.                           *
                                    *
THE UNITED STATES,                  *
                                    *
                 Defendant.         *
                                    *
*************************************
```

## ORDER OF DISMISSAL

Plaintiff Chanel Noville ("Plaintiff"), proceeding *pro se*, filed a Complaint against Defendant, the United States Government ("Defendant"), alleging that a non-Governmental entity called Caliber Home Loans ("CHL") has violated the Fair Debt Collection Practices Act (15 U.S.C. § 1592, et seq.) in connection with a mortgage. See generally Compl. Plaintiff broadly seeks relief, including damages for CHL's alleged violations of the law, "deletion from all consumer reports," and title to certain real property, "lien free." See Compl. at 3. On June 17, 2022, the Government filed a Motion to Dismiss under United States Court of Federal Claims ("RCFC") Rule 12(b)(1). ECF No. 8. Plaintiff did not file a Response to the Government's Motion.

## Discussion

The filings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v.

1

Kerner, 404 U.S. 519, 520 (1972)).  However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence.  Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).  The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking.  Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007).

Pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) (2018), this Court has jurisdiction over statutory, regulatory, and contractual claims "against the United States" (emphasis added).  Plaintiff's allegations in this case concern CHL, a non-governmental entity.  Claims against parties aside from the Government fall outside the jurisdiction of this Court.  Therefore, the Complaint must be dismissed for lack of jurisdiction.

## Conclusion

The Clerk of the Court is instructed to **DISMISS** this action and enter judgment accordingly.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**